UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Kimberly McKinney Billingsley,<br><br>Plaintiff,<br><br>vs.<br><br>Trans Union, LLC,<br>a Delaware limited liability company,<br>Capital One Bank (USA), N.A.,<br>a foreign corporation;<br>Sterling Inc. dba Kay Jewelers,<br>an Ohio corporation,<br>Synchrony Bank,<br>a foreign corporation,<br>Webbank,<br>an Utah corporation, and<br>Seventh Avenue, Inc.,<br>a Wisconsin corporation,<br><br>Defendants. | Case No.:<br><br><br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

NOW COMES THE PLAINTIFF, KIMBERLY MCKINNEY BILLINGSLEY, by and through counsel, and for her Complaint against the Defendants pleads as follows:

## JURISDICTION

1.  Jurisdiction of this court arises under 15 U.S.C. §1681p.

2.  This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

## VENUE

3.  Venue is proper in the Central District of Illinois as the Defendants conduct business in Champaign County, Illinois.

## PARTIES

4. Plaintiff is natural person residing in the Champaign, Champaign County, Illinois.

5. The Defendants to this lawsuit are:

　　a. Trans Union, LLC ("Trans Union") is a Delaware limited liability company that conducts business in the state of Illinois;

　　b. Capital One Bank (USA), N.A. ("Capital One") is a foreign corporation that conducts business in the state of Illinois;

　　c. Sterling Inc. dba Kay Jewelers ("Kay Jewelers") is an Ohio corporation that conducts business in the state of Illinois;

　　d. Synchrony Bank is a foreign corporation that conducts business in the state of Illinois;

　　e. Webbank is an Utah corporation that conducts business in the state of Illinois; and

　　f. Seventh Avenue, Inc. ("Seventh Avenue") is an Illinois corporation that conducts business in the state of Illinois.

## GENERAL ALLEGATIONS

6. The following entities are incorrectly reporting their trade lines without indicating that the subject accounts were discharged in bankruptcy ("Errant Trade Lines"): Capital One; Kay Jewelers; Synchrony Bank; Webbank; and Seventh Avenue.

7. Prior to September 1, 2016, Mrs. McKinney Billingsley filed for Chapter 7 bankruptcy.

8. On or about September 1, 2016, Mrs. McKinney Billingsley received a discharge from the bankruptcy court.

9. On or about October 9, 2017, Mrs. McKinney Billingsley obtained her Trans Union credit file and noticed the Errant Trade Lines reporting.

2

10. On November 20, 2017, Mrs. McKinney Billingsley submitted a letter to Trans Union disputing the Errant Trade Lines.

11. In this dispute letters, Mrs. McKinney Billingsley explained that the Errant Trade Lines were discharged in bankruptcy, attached the order of discharge and asked the credit bureaus to report the Errant Trade Lines as discharged in bankruptcy.

12. Upon information and belief, Trans Union forwarded Mrs. McKinney Billingsley's consumer disputes to Capital One, Kay Jewelers, Seventh Avenue, Synchrony Bank and Webbank.

13. On or about November 30, 2017, Mrs. McKinney Billingsley received Trans Union's investigation results which showed that the Errant Trade Lines still fail to state that the accounts were discharged in bankruptcy.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has since been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Trans Union of Mrs. McKinney Billingsley's consumer dispute of the Errant Trade Lines, Capital One negligently failed to conduct a proper investigation of Mrs. McKinney Billingsley's dispute as required by 15 USC 1681s-2(b).

17. Capital One negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, Capital One failed to direct Trans Union to report the Errant Trade Lines as discharged in bankruptcy.

18. The Errant Trade Lines are inaccurate and creating a misleading impression on Mrs. McKinney Billingsley's consumer credit file with Trans Union to which it is reporting such trade line.

19. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Mrs. McKinney Billingsley has suffered damages, mental anguish, suffering, humiliation and embarrassment.

20. Capital One is liable to Mrs. McKinney Billingsley by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Mrs. McKinney Billingsley has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against the Defendant Capital One for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY CAPITAL ONE

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Trans Union that Mrs. McKinney Billingsley disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Mrs. McKinney Billingsley's dispute.

24. Capital One willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Capital One's willful failure to perform its duties under the FCRA, Mrs. McKinney Billingsley has suffered damages, mental anguish, suffering, humiliation and embarrassment.

26. Capital One is liable to Mrs. McKinney Billingsley for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against the Defendant Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

### COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY KAY JEWELERS

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Trans Union of Mrs. McKinney Billingsley's consumer dispute of the Errant Trade Line, Kay Jewelers negligently failed to conduct a proper investigation of Mrs. McKinney Billingsley's dispute as required by 15 USC 1681s-2(b).

29. Kay Jewelers negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, Kay Jewelers failed to direct Trans Union to report the Errant Trade Line as discharged in bankruptcy.

30. The Errant Trade Line is inaccurate and creating a misleading impression on Mrs. McKinney Billingsley's consumer credit file with Trans Union to which it is reporting such trade line.

31. As a direct and proximate cause of Kay Jewelers' negligent failure to perform its duties under the FCRA, Mrs. McKinney Billingsley has suffered damages, mental anguish, suffering, humiliation and embarrassment.

32. Kay Jewelers is liable to Mrs. McKinney Billingsley by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

33. Mrs. McKinney Billingsley has a private right of action to assert claims against Kay Jewelers arising under 15 USC 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against the Defendant Kay Jewelers for damages, costs, interest and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY KAY JEWELERS**

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. After being informed by Trans Union that Mrs. McKinney Billingsley disputed the accuracy of the information it was providing, Kay Jewelers willfully failed to conduct a proper reinvestigation of Mrs. McKinney Billingsley's dispute.

36. Kay Jewelers willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

37. As a direct and proximate cause of Kay Jewelers' willful failure to perform its duties under the FCRA, Mrs. McKinney Billingsley has suffered damages, mental anguish, suffering, humiliation and embarrassment.

38. Kay Jewelers is liable to Mrs. McKinney Billingsley for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against the Defendant Kay Jewelers for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. After being informed by Trans Union of Mrs. McKinney Billingsley's consumer dispute of the Errant Trade Line, Synchrony negligently failed to conduct a proper investigation of Mrs. McKinney Billingsley's dispute as required by 15 USC 1681s-2(b).

41. Synchrony negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, Synchrony failed to direct Trans Union to report the Errant Trade Line as discharged in bankruptcy.

42. The Errant Trade Line is inaccurate and creating a misleading impression on Mrs. McKinney Billingsley's consumer credit file with Trans Union to which it is reporting such trade line.

43. As a direct and proximate cause of Synchrony' negligent failure to perform its duties under the FCRA, Mrs. McKinney Billingsley has suffered damages, mental anguish, suffering, humiliation and embarrassment.

44. Synchrony is liable to Mrs. McKinney Billingsley by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

45. Mrs. McKinney Billingsley has a private right of action to assert claims against Synchrony arising under 15 USC 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against the Defendant Synchrony for damages, costs, interest and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY SYNCHRONY

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. After being informed by Trans Union that Mrs. McKinney Billingsley disputed the accuracy of the information it was providing, Synchrony willfully failed to conduct a proper reinvestigation of Mrs. McKinney Billingsley's dispute.

48. Synchrony willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

49. As a direct and proximate cause of Synchrony' willful failure to perform its duties under the FCRA, Mrs. McKinney Billingsley has suffered damages, mental anguish, suffering, humiliation and embarrassment.

50. Synchrony is liable to Mrs. McKinney Billingsley for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against the Defendant Synchrony for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY WEBBANK

51. Plaintiff realleges the above paragraphs as if recited verbatim.

52. After being informed by Trans Union of Mrs. McKinney Billingsley's consumer dispute of the Errant Trade Line, Webbank negligently failed to conduct a proper investigation of Mrs. McKinney Billingsley's dispute as required by 15 USC 1681s-2(b).

53. Webbank negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, Webbank failed to direct Trans Union to report the Errant Trade Line as discharged in bankruptcy.

54. The Errant Trade Line is inaccurate and creating a misleading impression on Mrs. McKinney Billingsley's consumer credit file with Trans Union to which it is reporting such trade line.

55. As a direct and proximate cause of Webbank' negligent failure to perform its duties under the FCRA, Mrs. McKinney Billingsley has suffered damages, mental anguish, suffering, humiliation and embarrassment.

56. Webbank is liable to Mrs. McKinney Billingsley by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

57. Mrs. McKinney Billingsley has a private right of action to assert claims against Webbank arising under 15 USC 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against the Defendant Webbank for damages, costs, interest and attorneys' fees.

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY WEBBANK

58. Plaintiff realleges the above paragraphs as if recited verbatim.

59. After being informed by Trans Union that Mrs. McKinney Billingsley disputed the accuracy of the information it was providing, Webbank willfully failed to conduct a proper reinvestigation of Mrs. McKinney Billingsley's dispute.

60. Webbank willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

61. As a direct and proximate cause of Webbank' willful failure to perform its duties under the FCRA, Mrs. McKinney Billingsley has suffered damages, mental anguish, suffering, humiliation and embarrassment.

62. Webbank is liable to Mrs. McKinney Billingsley for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against the Defendant Webbank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT IX

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY SEVENTH AVENUE**

63. Plaintiff realleges the above paragraphs as if recited verbatim.

64. After being informed by Trans Union of Mrs. McKinney Billingsley's consumer dispute of the Errant Trade Line, Seventh Avenue negligently failed to conduct a proper investigation of Mrs. McKinney Billingsley's dispute as required by 15 USC 1681s-2(b).

65. Seventh Avenue negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, Seventh Avenue failed to direct Trans Union to report the Errant Trade Line as discharged in bankruptcy.

66. The Errant Trade Line is inaccurate and creating a misleading impression on Mrs. McKinney Billingsley's consumer credit file with Trans Union to which it is reporting such trade line.

67. As a direct and proximate cause of Seventh Avenue' negligent failure to perform its duties under the FCRA, Mrs. McKinney Billingsley has suffered damages, mental anguish, suffering, humiliation and embarrassment.

68. Seventh Avenue is liable to Mrs. McKinney Billingsley by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

69. Mrs. McKinney Billingsley has a private right of action to assert claims against Seventh Avenue arising under 15 USC 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against the Defendant Seventh Avenue for damages, costs, interest and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY SEVENTH AVENUE

70. Plaintiff realleges the above paragraphs as if recited verbatim.

71. After being informed by Trans Union that Mrs. McKinney Billingsley disputed the accuracy of the information it was providing, Seventh Avenue willfully failed to conduct a proper reinvestigation of Mrs. McKinney Billingsley's dispute.

72. Seventh Avenue willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

73. As a direct and proximate cause of Seventh Avenue' willful failure to perform its duties under the FCRA, Mrs. McKinney Billingsley has suffered damages, mental anguish, suffering, humiliation and embarrassment.

74. Seventh Avenue is liable to Mrs. McKinney Billingsley for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against the Defendant Seventh Avenue for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT XI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

75. Plaintiff realleges the above paragraphs as if recited verbatim.

76. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. McKinney Billingsley as that term is defined in 15 USC 1681a.

77. Such reports contained information about Mrs. McKinney Billingsley that was false, misleading, and inaccurate.

78. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. McKinney Billingsley, in violation of 15 USC 1681e(b).

79. After receiving Mrs. McKinney Billingsley' consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

80. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mrs. McKinney Billingsley has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

81. Trans Union is liable to Mrs. McKinney Billingsley by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

82. Plaintiff realleges the above paragraphs as if recited verbatim.

83. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. McKinney Billingsley as that term is defined in 15 USC 1681a.

84. Such reports contained information about Mrs. McKinney Billingsley that was false, misleading, and inaccurate.

85. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. McKinney Billingsley, in violation of 15 USC 1681e(b).

86. After receiving Mrs. McKinney Billingsley's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

87. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mrs. McKinney Billingsley has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

88. Trans Union is liable to Mrs. McKinney Billingsley by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants her a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: February 1, 2018

By: /s/ James M. Smith

James M. Smith
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
Phone: (312) 658-5500
Direct Dial: (312) 658-5502
Direct Fax: (312) 658-5502
Email: james@classlawyers.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,
Kimberly McKinney Billingsley*